**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **AIDA HERNANDEZ**<br><br>**Plaintiff**<br><br>**Vs.**<br><br>**BETZAIDA E. NEGRON-NATAL; AIRBNB, INC.; MUNICIPALITY OF TOA BAJA; JOHN DOE AND RICHARD DOE**<br>**ABC AND DEF Companies**<br><br>**Defendants** | **CIVIL NO.:**<br><br>**TORTS**<br><br>**JURY TRIAL** |

# COMPLAINT AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, **AIDA HERNANDEZ**, through their undersigned counsel, and respectfully state, allege and pray:

## I. THE PARTIES

1.1 Plaintiff, Aida Hernandez is of legal age, single with domicile and residence in 3244 W Hirsch St, FL 1, Chicago IL 60651 within the meaning of 28 U.S.C. §1332.

1.2 Co-Defendant, Betzaida E. Negron-Natal is of legal age, business owner and domiciled in Puerto Rico. At the time of the accident described in this complaint, Negron-Natal was the owner, operator and administrator of a

commercial residential property located in Levittown, Toa Baja, Puerto Rico that he uses to generate profits via short term rentals, and that was promoted via the Airbnb, Inc. marketing platform using the commercial name "Levittown Suites".

1.3 Co-defendant, **Airbnb, INC**. (hereinafter "Airbnb") is a Delaware Corporation with principal place of business in San Francisco, California, managing and operating an online marketplace for short-term homestays and tour experiences. Airbnb serves clients throughout the United States, including the Commonwealth of Puerto Rico. Airbnb serves property owners and clients, like the Plaintiffs and Defendant Negron-Natal, worldwide. It was through the use of said platform that the Aida Hernandez booked their short-term vacation stay at Levittown Suites, based on the information provided by the Defendants via the Airbnb website.

1.4 Co-Defendant Municipality of Toa Baja, is an autonomous municipality of the Commonwealth of Puerto Rico that has independent authority and right to sue and be sued. Its address is 16 Cll Rafael Arrieta, Toa Baja, Puerto Rico. At all relevant times, Toa Baja is the owner, had control and/or is the entity in charge of the street or area where the accident suffered by Aida Hernandez occurred.

1.5 Defendants with the fictitious names of John Doe and Richard Doe are included to represent persons whose name and identities are presently unknown and that are responsible for the damages alleged in this Complaint.

1.6 Defendants ABC and DEF are one or more legal entities or insurance companies that may be liable to Plaintiff or had one or more insurance policies covering the damages alleged in this Complaint.

1.7 The citizenship of the plaintiffs is completely diverse to the citizenship of each of the co-defendants.

## II. NATURE OF THE ACTION JURISDICTION AND VENUE

2.1 This is an action to recover personal damages, which the co-defendants inflicted upon the plaintiffs as a result of their negligent acts and/or omissions.

2.2 This Honorable Court has jurisdiction over the parties and the subject matter of this litigation under and pursuant to Section 1332 of Title 28 of the United States Code, 28 U.S.C. §1332, inasmuch as there is complete diversity of citizenship between the Plaintiffs and the Defendants and the amount in controversy, exclusive of costs and interest, exceeds the amount of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) and over state claims under Article

1802 of the Puerto Rico Civil Code, Section 5141 et seq., Title 31 Laws of Puerto Rico Annotated.

2.3 Venue is proper in this Court pursuant to Section 1391 of Title 28 of the United States Code, 28 U.S.C. §1391, because the claims asserted arose in this judicial district.

2.4 Plaintiff request a jury trial for all issues so triable.

## III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3.1 Plaintiff Aida Hernandez booked a reservation at the Levittown Suites in the Municipality of Toa Baja for a vacation in November 2025. The reservation was made through the Airbnb platform.

3.2 The property owner, Negron-Natal, listed, managed, and controlled the Levittown Suite property through Airbnb. As an Airbnb Superhost with three (3) years of hosting and had an established and ongoing duty to maintain the premises — including all areas accessible to guests, such as the carport and pathways to the unit entrance — in a reasonably safe condition.

3.3 The Levittown Suites are promoted by Airbnb and Negron-Natal as offering "free parking on premises" and holds out its Superhosts as trusted, vetted operators meeting Airbnb's standards.

3.4 During the evening of November 20th, 2025, plaintiff arrived with her travel group to the property by car and pulled into the designated carport area. Such carport area is located on top of the sidewalk, obstructing the same, forcing any pedestrian to walk on the on the street. After arriving Hernandez exited the vehicle from the passenger side and because the carport and the parked car covered the sidewalk area, Ms. Hernandez was required to walk around the rear of the vehicle and walk on the street in order to access the stairs of the property. While walking in order to reach the entrance of the property, she stepped onto an uneven and irregular section of the ground located at the rear of the carport area. The deteriorated, cracked, and uneven surface caused her to trip and fall violently, resulting in catastrophic injuries to her left ankle.

3.5 The street where Hernandez tripped and fall belongs and it's maintained by the Municipality of Toa Baja.

3.6 The aforementioned accident was caused directly and proximately by the negligence of defendants who did not exercise a reasonable degree of care and caution for the safety of its visitors, so they don't suffer any injuries or damages. The protuberance and/or unleveled surface on the street create a dangerous environment and unsafe condition at their premises. The carport and the street were severely deteriorated, cracked, and uneven pavement/concrete in the carport area and the street.

3.7 Also, there was a complete absence of a safe, clearly marked, or designated pedestrian walkway from the carport/parking area to the unit entrance stairway, requiring guests to traverse the hazardous surface to reach the property. Furthermore, inadequate lighting in the carport area at the time of the incident (approximately 9:10 PM), contributed to the inability to detect the uneven ground. There were no effective signs of the danger that alert visitors from having an accident at the premises.

3.8 Defendant Municipality of Toa Baja allowed co-defendants Negron-Natal and Airbnb to utilize the sidewalk as a carport forcing pedestrians and plaintiff to walk on the street in order to access the property. Furthermore, Municipality of Toa Baja failed to maintain the street and access to the premises in a reasonably safe condition for guests who were expressly invited and paying for the use of the property, including its parking area and the street.

3.9 Defendants, as the property and premises owners/operator with years of hosting experience and dozens of prior guest stays, knew or reasonably should have known of the defective condition of the carport area and the street and the absence of a safe guest pathway. Despite this knowledge, no remedial action was taken, and no warnings were provided to guests.

3.10 Defendants, and their insurance companies are liable for defendant's negligent acts and/or omissions.

3.11 As a result of the aforementioned accident, Aida suffered multiple and permanent traumas and injuries in different parts of her body.

**IV. FIRST CAUSE OF ACTION**
**(Damages Aida Hernandez)**

4.1 Plaintiff reproduce and reaffirm, as if alleged herein, each and every one of the preceding allegations.

4.2 As a result of the accident, Aida suffered severe traumas that include but are not limited to:

- Displaced left trimalleolar ankle fracture-dislocation (ICD-10: S82.852A);
- Comminuted (multi-fragment) left distal fibula fracture;
- Left medial malleolar fracture;
- Left posterior malleolar fracture;
- Significant syndesmotic ligament instability;
- Abrasion, left lower leg;
- Concurrent pain and tenderness in the right ankle and foot (sustained during the same fall);
- Persistent post-operative swelling, stiffness, and severely reduced range of motion;
- Impaired gait, balance deficits, and elevated fall risk;
- Severe functional limitations in all weight-bearing activities of daily life.

4.3 Said injuries required emergency care in Puerto Rico, air transport to Chicago, a Level V emergency department visit (the highest level of ER complexity), major orthopedic surgery with permanent implants (titanium plate, locking screws, cannulated screws, and syndesmotic hardware), eight weeks of total non-weight-bearing status, and ongoing physical therapy rehabilitation. Ms.

Hernandez faces a long-term risk of post-traumatic arthritis and potential future revision surgery.

4.4 Performing her normal activities has been affected because of her pain and medications. She still suffers pain in a daily basis. At the moment, Aida is receiving treatment for her injuries.

4.5 Prior to this incident, Ms. Hernandez worked full-time as a special Education teaching assistant — a role requiring prolonged standing and walking. As a result of the injuries sustained she was completely non-weight-bearing on her left leg for approximately eight (8) weeks, requiring crutches or wheelchair assistance; she was unable to return to work until February 23, 2026 — more than thirteen (13) weeks following the incident; she experienced extreme difficulty or inability to walk, climb stairs, lift objects, perform household tasks, or stand for any meaningful period; she required ongoing physical therapy to regain basic functional mobility; she faces long-term functional limitations and risk of post-traumatic arthritis due to the severity of the fracture and permanent hardware implantation; she endured significant and prolonged pain, suffering, and disruption to her daily life and quality of life.

4.6 The aforementioned injuries have caused Aida great physical and emotional pain and suffering and mental anguish.

4.7 Aida was also caused to expend sums of money in excess of $90,000.00 for medical care in endeavoring to be cured said injuries.

4.8 For the physical damages, pain, suffering and mental anguish, defendants are liable to Aida, *in solido*, in a sum not less than **Two MILLION DOLLARS ($2,000,000.00)**.

## VI. SECOND CAUSE OF ACTION
## (Interest, Attorneys Fees and Other Expenses)

5.1 Plaintiff reproduce and reaffirm, as if alleged herein, each and every one of the preceding allegations.

5.2 Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is obstinate in fomenting litigation and/or protracting litigation, or refusing to recognize an obligation, is liable for reasonable attorney's fees.

5.3 Pursuant to the laws of the Commonwealth of Puerto Rico, a person who is adjudged obstinate is also liable for pre-judgment interest from the date of the filing of the claim.

5.4 The defendants have been obstinate in that, although they have been on notice of the nature and extent of the damages suffered by the plaintiffs, they have taken no action on the matter and have, in fact, fomented this litigation.

**WHEREFORE**, plaintiffs respectfully request that this Honorable Court enter Judgment for the plaintiffs granting them the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of July 2026.

S/Juan R. Dávila Díaz
Juan R. Dávila Díaz
USDC-PR 224209

Capital Center South
STE 1201
239 Arterial Hostos
Hato Rey PR 99018
T. 787-525-7417
F. 787-763-9595
E-mail: davilajuanr@yahoo.com

*s/Harold*
*D. Vicente Colon*
Harold D. Vicente-Colón
USDC PR 211805
*VICENTE LAW OFFICES LLC*
PO Box 11609
San Juan PR 00910
Tel. (787) 751-8000
Fax (787) 756-5250
hdvc@vclawpr.com